IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA NOVICKAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-3982 |
| ) | |
| PROVISO TOWNSHIP ) | Judge Robert M. Dow, Jr. |
| HIGH SCHOOL 209, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On July 1, 2009, Plaintiff Donna Novickas filed a one count complaint alleging that Defendant Proviso Township High School District No. 209 transferred her from her position as Director of State and Federal Programs to a position as a teacher in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Currently before the Court is Defendant's motion to dismiss [20] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on *res judicata* grounds. For the reasons stated below, Defendant's motion to dismiss [20] is granted.

**I.   Background**[1]

On or about July, 2001, Plaintiff was hired by the Defendant as the Director of State and Federal Programs. On approximately October 25, 2006, Defendant reassigned Plaintiff to the Second Chance and Credit Recovery programs, a reassignment that required Plaintiff to work at hours not consistent with the normal school day. Defendant then reassigned Plaintiff to be a high

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also considers the documents attached to a complaint. See FED. R. CIV. P. 10(c).

school teacher for the 2007-2008 school year. The District's stated reason for the reassignment was Plaintiff's alleged mishandling of certain of the District's grant programs.

## II. Legal Standard for Rule 12(b)(6) Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

Defendant asserts that the doctrine of *res judicata* bars this action. Specifically, Defendant maintains that because Plaintiff's ADEA claim is based on the same operative facts that formed the basis of an earlier state court action that Plaintiff filed against Defendant, Plaintiff is barred from bringing the present action.

*Res judicata* is designed to ensure the finality of judicial decisions. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). The doctrine precludes a person from "re-litigating issues that were *or could have been* raised in that [prior] action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added). In applying the doctrine of *res judicata*, federal courts look to state preclusion law to determine whether an earlier state court action bars a later federal court action. See *Allen v. McCurry*, 449 U.S. 90, 96 (1980); 28 U.S.C. § 1738. Under Illinois law, *res judicata* will bar an action where there is: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits. *In re Liquidation of Legion Indem. Corp.*, 870 N.E.2d 829, 834 (Ill. App. Ct. 1st Dist. 2007).

As an initial matter, the Court must consider whether Defendant's *res judicata* argument is premature. *Res judicata* is an affirmative defense. FED. R. CIV. P. 8(c). Because complaints are not required to anticipate affirmative defenses, dismissal under Rule 12(b)(6) on *res judicata* grounds is not the usual course of action. See *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). Nonetheless, *res judicata* may provide grounds for dismissal for failure to state a claim where a plaintiff has pleaded herself out of court by establishing the facts that prove the defense. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). The defense of *res judicata* is disclosed in the complaint where (1) the facts that establish the defense are definitely ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice; and (2) those facts conclusively establish the defense. *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (cited in *Muhammad*, 547 F.3d at 878). Courts may take notice of a document that a party filed in another court as long as that document is

offered to show what was stated to the court rather for the truth of the matter asserted. *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996) (citing *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc..*, 969 F.2d 1384, 1389 (2d Cir.1992) (court may take judicial notice of a complaint filed in a related state court action "to ascertain the legal nature of the claim stated in the complaint" but "not to support any factual finding in the subsequent litigation")); see also *In re Colonial Mortgage*, 324 F.3d at 19 ("matters of public record are fair game in adjudicating Rule 12(b)(6) motions"). Likewise, the Court may take judicial notice of the contents of other courts' records. See, *e.g.*, *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (observing that judicially noticeable facts provide a "narrow exception" to the rule that a district judge may not consider extrinsic materials in deciding a Rule 12(b)(6) motion unless the judge provides notice to the parties and converts the motion to summary judgment).

Defendant maintains that Plaintiff's federal suit, which asserts an ADEA claim arising out of her reassignment by the Defendant District, is barred by *res judicata* because Plaintiff previously litigated claims arising out of that reassignment in Illinois state court. In support of its motion to dismiss, Defendant has submitted the Complaint, the First Amended Complaint, and the Second Amended State Complaint that Plaintiff filed in an action that she commenced in 2007 in the Circuit Court of Cook County against the District (as well as a number of individual defendants associated with the District). See *Novickas v. Proviso Twp. High Sch. Dist. 209*, No. 07-L-6193. Defendant also has submitted the state court order dismissing that suit with prejudice on July 14, 2009. The Court takes judicial notice of the earlier state court filings and order that Defendant has attached. *Opoka*, 94 F.3d at 395. Based on those documents, and the complaint in this action, the Court must determine whether: (1) a final judgment on the merits was rendered by the state court; (2) there is an identity of causes of action in two actions; and (3)

4

there is an identity of parties or their privies in the two actions. *In re Liquidation of Legion Indem. Corp.*, 870 N.E.2d at 834. As described below, the facts that are ascertainable from the complaint and the other documents properly before the Court conclusively establish each of those three conditions; therefore, the instant case is one that may be disposed of at the motion to dismiss phase.

The District was a defendant in Plaintiff's 2007 state court action. Therefore, the "identity of the parties" component of *res judicata* is satisfied. The final-decision prong of the *res judicata* test also is satisfied, as it is undisputed that Plaintiff's prior state action was dismissed with prejudice. See [20 at Ex. E]. A dismissal with prejudice is a decision on the merits for *res judicata* purposes. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204-05 (Ill. 1996).

Finally, a review of Plaintiff's pleadings in the two actions reveals that the identity of the causes of action component of *res judicata* is satisfied as well. "Two claims are one for the purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations," and "arise out of the same core of operative facts." *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995). Even separate legal claims with different elements are considered a single cause of action for purposes of *res judicata* if the same factual allegations give rise to both suits. *Id.*; see also *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 478-79 (Ill. 2001) ("the assertion of different kinds of theories of relief still constitutes a single cause of action for purposes of *res judicata* if a single group of operative facts gives rise to the assertion of relief").

Here, while the two suits involve different theories of liability, they are based on the same core facts. In the earlier state law action, Plaintiff alleged that on or after June 1, 2006, the District transferred her from her position as Director of State and Federal Programs to a position

5

as a classroom teacher. Plaintiff further alleged that in May of 2007, the District reduced her pay, in violation of the Illinois School Code, 105 ILCS 5/24-22. The state law complaints also alleged that the District wrongly accused Plaintiff of misappropriating more than two million dollars in grant funds.

In her federal complaint, Plaintiff asserts an age discrimination claim pursuant to the ADEA. Plaintiff alleges that on or about October 25, 2006, Defendant reassigned Plaintiff from her position as Director of State and Federal Programs to the Second Chance and Credit Recovery programs. Plaintiff also alleges that she was assigned to a position as a teacher for the 2007-2008 school year, and that the District's stated reason for the reassignment was Plaintiff's alleged mishandling of certain grant programs on behalf of the District.

While the factual allegations in the two actions differ slightly, they are not incompatible. For example, in the state court action Plaintiff alleged that she was transferred on or after June 1, 2006, an allegation that certainly can be reconciled with the allegation in her federal complaint that she was transferred on October 25, 2006. Significantly, the claims in both cases are based on the same "core of operative facts" – namely, that Plaintiff was demoted from Director of State and Federal Programs to classroom teacher in mid-2006 in the wake of allegations that she mishandled grant funds. Thus, the identity of the causes of action component of *res judicata* is satisfied. See *Brzostowski*, 49 F.3d at 339 (affirming district court's dismissal of plaintiff's ADEA claim on *res judicata* grounds where plaintiff had previously sued defendant for violating his employment contract because both actions arose out of the same facts).

That Plaintiff did not assert an age discrimination claim in state court does not preclude the application of *res judicata* here because she could have asserted such a claim. Plaintiff alleges in her federal complaint that she filed a Charge of Discrimination with the Illinois

6

Department of Human Rights and the EEOC on or about March 9, 2007, and that she received her right to sue letter from the EEOC on or about April 3, 2009. Plaintiff filed her state court action on June 15, 2007 – three months after filing charges with the EEOC. The ADEA provides that a plaintiff is not required to wait for receipt of a right-to-sue letter before a filing a civil action, but can file a suit as early as sixty days after filing charges with the EEOC. 29 U.S.C. § 626(d). Therefore, it is clear that Plaintiff could have included an ADEA claim in her earlier action – and she does not contend otherwise. See *Brzostowski*, 49 F.3d at 339 ("What [Plaintiff] cannot do, as he did here, is split causes of action and use different theories of recovery as separate bases for multiple suits").

In opposition to Defendant's motion to dismiss, Plaintiff argues only that her federal suit is not barred by *res judicata* because it was filed prior to a final judgment on the merits in the state case. But that argument fails in the face of established Seventh Circuit precedent, which holds that, "[w]hen the cases proceed in parallel, the first to reach judgment controls the other, through claim preclusion (*res judicata*)." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999); see also *Carr v. Tillery*, 591 F.3d 909, 916 (7th Cir. 2010) (same); *Unger v. Consolidated Foods Corp.*¸ 693 F.2d 703, 705 (7th Cir. 1982) ("As between two actions pending at the same time, the first of two judgments has preclusive effect on the second"); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE § 4404 (3rd Ed. 1998 & Supp. 2010) ("If two actions are pursued simultaneously the first judgment to be entered is entitled to *res judicata* effect without regard to the order in which the two were commenced.").

## IV. Conclusion

For the reasons set forth above, Defendant's motion to dismiss [20] is granted.

Dated: August 31, 2010

_____
Robert M. Dow, Jr.
United States District Judge